UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DONNELL MITCHELL, | ) | CASE NO. 1:07 CV 1581 |
| | ) | |
| Plaintiff, | ) | JUDGE KATHLEEN M. O'MALLEY |
| | ) | |
| v. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| CITY OF CLEVELAND, | ) | |
| | ) | |
| Defendant. | ) | |

On May 30, 2007, pro se plaintiff Donnell Mitchell filed the above-captioned in forma pauperis action against defendant City of Cleveland, Ohio. He asserts "[t]his action is commenced pursuant to § 12112.2201 and 2202 and 42 U.S.C., section 1983. SEC. 12101. *[Section 2]*."[1] (emphasis in original). Mr. Mitchell alleges that this is a "sexual harassment lawsuit under the American's under disability act of 1990. I was harassed by this obsessed city employee." (Compl. at 3.) He seeks an injunction enjoining defendant from "continuing its discrimination."

---

[1] The court presumes that "12112" is a reference to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12112.

*Background*

Many of the relevant facts in this case are almost identical to another lawsuit Mr. Mitchell filed in this court on the same date he filed this case.  See Mitchell v. Alexander, No. 1:07cv1580 (N.D. Ohio filed May 30, 2007).  As with the parallel matter, he was advised to file a lawsuit in federal court against the City of Cleveland in May 2007.[2]  His attorney "strongly believe[d] that [the] City of Cleveland, Ohio used the unlimited resources of the Cleveland Police Department and City and County prosecutors [sic] office to engage in malicious practices aimed at the manipulation of a mentally challenged person[,] a clear violation of the Americans with Disabilities Act of 1990." (Compl. at 1.)  He states that there were at least eight different instances when the Cleveland municipal Clerk's office instructed city employees "to use coercion and manipulation tactics by lieing [sic] under oath.  The intense pressure and unprofessional tactics used by Cleveland Municipal Court Supervisors created stressful daily work conditions causing the miscarriage of my unborn child." (Compl. at 1.)

Two unnamed Cleveland employees allegedly attempted to extort money from Mr. Mitchell, as well as his business associates, between November 2000 and November 2003.  These tactics were allegedly used to 'run' Mr. Mitchell out of business in violation of the ADA. "Erroneous felony" charges were also filed against him in 2000 and 2001.  By his own admission, Mr. Mitchell "was not even aware of the intent of these city employees until my attorney bought [sic] it to my attention." (Compl. at 2.)  Since that time "it has become quite clear these deceptive tactics used by the City must end. I am now taking the necessary steps to protect myself from further malicious prosecution."  (Compl. at 102.)

---

[2]In the other lawsuit he was advised to file his complaint against Michael Alexander.

Mr. Mitchell seeks an order from this court removing "false allegations" from his record. He claims he was wrongly accused and charged with a non-violent crime on December 16, 2000. His cash or surety bond was set at $150,000.00, which plaintiff claims is very unusual for a first time offender. Mr. Mitchell adds that he was not permitted to participate in the municipal or county court's "First Offender" program, which he alleges is standard practice. Copies of municipal court documents are attached to the complaint to illustrate that lower bond amounts were imposed for offenders accused of violent crimes and to demonstrate that the municipal judge violated his asserted right to a reasonable and fair bond.

Mr. Mitchell seeks $750,000,000.00 in lost revenue from the defendant for "purposely breaking our written contract that allowed me to write bail bonds in the City of Cleveland's municipal court criminal and civil divisions." (Compl. at 3.) For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court shall dismiss an action under section 1915(e) if it is frivolous.[3] An action is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th

---

[3] 28 U.S.C. § 1915(e) states, in pertinent part: "the court ... shall dismiss the case ... if the court determines that ... the action is frivolous or malicious ...".

A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly section 1915(d)] and is dismissing the complaint as frivolous. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

3

Cir. 1990). This action lacks an arguable basis in law.

There is no statement or reference in the complaint that sets forth a claim under the ADA, Civil Rights Act or Title VII. Beyond a naked assertion of sexual harassment there are no facts that support Mr. Mitchell's allegations. Further, he has failed to allege that he is entitled to protection from sexual harassment under the ADA or that he was discriminated against by his employer.[4]

Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Id. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Further, legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions). The facts and allegations interspersed in this complaint against the City are very similar to the same conclusory facts and allegations Mr. Mitchell unsuccessfully asserted against Mr. Alexander in his parallel lawsuit. The claims in the instant complaint are equally unavailing.

---

[4] With regard to his employment status, Mr. Mitchell states he was a licensed bail bondsman from March 22, 1997 until March 21, 2003.

Accordingly, plaintiff's application to proceed in forma pauperis is granted and this action is dismissed under section 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[5]

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley
**KATHLEEN McDONALD O'MALLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:** August 21, 2007

---

[5] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.